```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

JOSE SANDY BUCO

                Debtor.

---

JOSE SANDY BUCO,

                Appellant,

-against-

THOMAS C. FROST,

                Appellee.

25-CV-05496 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

## INTRODUCTION

Before the Court is a motion for emergency relief filed by *pro se* Debtor-Appellant Jose Sandy Buco ("Appellant"), who seeks to stay the dismissal of his Chapter 13 petition pending his appeal before this Court. For the reasons that follow, the motion is DENIED.

## BACKGROUND

Appellant filed a Notice of Appeal on July 2, 2025, seeking review of an order denying Appellant's Motion to Vacate the Order Dismissing the Case and the Order Discharging the Trustee (the "Order"), which was announced by the Bankruptcy Court at a hearing on June 12, 2025, and entered on the docket on July 15, 2025.[1] *See* Dkt. No. 1; Bankr. S.D.N.Y. Case No.

---

[1] "A notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry." Fed. R. Bankr. P. 8002.

24-10598, Dkt. No. 124.  The Order upheld the Bankruptcy Court's prior order dismissing Appellant's Chapter 13 petition (the "Dismissal Order"), which was entered on September 23, 2024.  Bankr. Dkt. No. 91.  The Bankruptcy Court had previously denied a motion to reconsider the same Dismissal Order on November 8, 2024.  Bankr. Dkt. No. 102.  On July 18, 2025, Appellant filed a Motion for Emergency Injunction Pending Appeal (the "Motion"), seeking to stay a foreclosure sale of Appellant's property, which is scheduled to take place on July 23, 2025.  Dkt. No. 4 at 1–2.  The Court construes that motion to be requesting a stay of the dismissal of Appellant's Chapter 13 petition.

## DISCUSSION

There is no basis for the Court to grant a stay pending appeal.  Appellant's motion is procedurally improper, and, in any event, he has not made the necessary showing required to obtain a stay.

Ordinarily, "a party must move first in the bankruptcy court" in order to seek "a stay of the bankruptcy court's judgment, order, or decree pending appeal."  Fed. R. Bankr. P. 8007(a)(1)(A).  However, a motion to stay an order of the bankruptcy court pending appeal "may be filed in the court where the appeal is pending," subject to the requirement that the movant either "show that moving first in the bankruptcy court would be impracticable" or "if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling."  *Id.* § 8007(b)(1)–(2).

Appellant has not moved for a stay in the Bankruptcy Court, according to the docket in that Court, and has not explained, or even attempted to show, how doing so would be impracticable.  "[D]istrict courts routinely dismiss motions for a stay pending appeal when, as here, relief is not first requested from the bankruptcy judge and the failure to do so is not

adequately explained." *In re Carrington*, 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (quotations omitted).  Even considering that Appellant is a *pro se* litigant who is entitled to a liberal reading of his pleadings, his "failure to comply with Bankruptcy Rule 8007 is reason alone to deny the Stay Motion." *Id.* at 660-61.

Even if this Court were to entertain the Motion, Appellant has not shown that a stay is warranted.  To determine whether a stay pending appeal is appropriate, courts consider four well-established factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re BGI, Inc.*, 504 B.R. 754, 762 (S.D.N.Y. 2014) (quoting *Hirschfeld v. Bd. of Elecs.*, 984 F.2d 35, 39 (2d Cir. 1993)).  "A number of lower courts within the Second Circuit have concluded that the failure of the movant to satisfy any one of the four factors on a motion for a stay pending appeal of a bankruptcy court order 'dooms the motion.'" *In re Adelphia Comm'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (citation omitted).  However, the Second Circuit "has never articulated such a rigid rule of law." *Id.*  In any case, a "stay pending appeal under Rule 8007 is the exception, not the rule," and the party seeking a stay pending appeal "carries a heavy burden." *In re Carrington*, 698 F. Supp. 3d at 661.  Considering the available record and Appellant's submissions, and balancing the four factors, a stay is not warranted here.

**A.  Irreparable Harm**

Appellant argues that if the foreclosure sale is permitted to proceed, he will face irreparable harm by suffering the "permanent loss of his primary residence."  However, the "'fact that [a] property will be sold absent a stay does not automatically constitute irreparable harm' because, in certain circumstances, harm from the sale of a property 'may be fully remedied by

3

monetary damages.'" *In re Mongiello*, No. 24-CV-00694 (CS), 2024 WL 729865, at *2 (S.D.N.Y. Feb. 22, 2024) (quoting *In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019)). "To be sure, courts in this circuit have held that eviction can be an irreparable injury." *Greer v. Mehiel*, No. 15-CV-06119, 2016 WL 828128 (AJN), at *9 (S.D.N.Y. Feb. 24, 2016). "Yet in every such case the Court has found, the party facing eviction also faced the real threat of homelessness." *Id.* Appellant has not shown irreparable harm in this way. He may lose his "primary" residence, but he does not contend that the foreclosure sale will leave him without a place to live.

### B. Substantial Possibility of Success on Appeal

Appellant cannot—and does not even attempt to—show likelihood of success on appeal. The Bankruptcy Court dismissed Appellant's Chapter 13 petition because Appellant does not qualify as a Chapter 13 debtor under § 109(e) of the Bankruptcy Code. *See* Dismissal Order at 1. At a hearing held on September 16, 2024, the Bankruptcy Court found that Appellant had a total of $6,395,647.89 in noncontingent, liquidated debts as of the date his petition was filed, which far exceeds § 109(e)'s eligibility limits on noncontingent, liquidated debts. *See* Order at 1. Appellant argues that his total debts have been inflated by fraudulent proofs of claim, but as the Bankruptcy Court has correctly noted, "the fact that a debt is disputed does not make it 'contingent' or 'unliquidated.'" Order Denying Debtor's Motion for Reconsideration at 2, Bankr. Dkt. No. 102 (citing *In re Mazzeo*, 131 F.3d 295, 303–05 (2d Cir. 1997)). The Bankruptcy Court has already revisited and upheld the Dismissal Order on both a motion for reconsideration and a subsequent motion for vacatur, and Appellant has failed to offer any argument that the Bankruptcy Court's sound reasoning will not be upheld yet again on appeal.

4

### C. Substantial Injury to Other Parties

Appellant has offered no arguments as to why the creditors would not incur substantial injury if a stay were to issue. Moreover, as Appellant "is unlikely to succeed on the merits, granting a stay would prolong the bankruptcy proceeding with no foreseeable offsetting gain and thus injure creditors." *In re Carrington*, 698 F. Supp. 3d at 662.

### D. Public Interest

Finally, a stay pending appeal would be contrary to the public interest, which "favors the expedient administration of the bankruptcy proceedings." *In re Adelphia*, 361 B.R. at 349. Where, as here, the "high standards" for relief have not been demonstrated, "a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 508 (Bankr. S.D.N.Y. 2014).

## CONCLUSION

For the foregoing reasons, Appellant's motion for a stay pending appeal is DENIED.

Given the Court's conclusion that Appellant's allegations of fraud do not render his debts contingent or unliquidated—such that those allegations do not change the determination that he is ineligible as a Chapter 13 debtor—Appellant is ordered to show cause by **August 6, 2025,** why his appeal should not be dismissed in its entirety.

Dated: July 23, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge